UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO.:

**DENISE CORBO,**

    **Plaintiff,**

vs.

**BAREFOOT BILLY'S, INC.,
and BAREFOOT BILLY'S
OF KEY WEST, INC.**

    **Defendants.**
_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, DENISE CORBO (hereinafter "Plaintiff,") hereby sues Defendants, BAREFOOT BILLY'S, INC. (hereinafter, "BAREFOOT BILLY'S") and BAREFOOT BILLY'S of KEY WEST, INC. (hereinafter, "BAREFOOT BILLY'S KEY WEST,") (hereinafter collectively referred to as "Defendants,") and alleges:

**JURISDICTION**

1. This is a personal injury action wherein the amount in controversy exceeds the Court's diversity jurisdiction minimum limit of seventy-five thousand dollars exclusive of interest, costs and attorney's fees if any.

2. Plaintiff is a citizen and resident of Virginia.

3. Defendants are Florida corporations maintaining their principal places of business in Key West Florida.

4.	As there exists complete diversity and the amount in controversy exceeds seventy-five thousand dollars exclusive of interest, costs and attorney's fees if any, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

5.	Alternatively, this Court has admiralty subject jurisdiction under 28 U.S.C. § 1333 as this incident occurred upon navigable waters of the United States and the injury had the potential to disrupt maritime commerce.

6.	Venue is appropriate under 87 U.S.C. § 1391(b)(1) as all Defendants reside in this District and under 87 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to this claim occurred within this District.

## GENERAL ALLEGATIONS

7.	Defendants own, operate and/or manage a watersport rental company at 3841 North Roosevelt Boulevard, Key West, Florida called Barefoot Billy's.

8.	Defendants are liveries as defined by Fla. Stat.

9.	On October 22, 2012, Plaintiff and her daughter Alyssa Corbo rented a personal watercraft (hereinafter "PWC,") from Defendants in conjunction with a personal watercraft tour offered by Defendants.

10.	The PWC exceeded 10 horsepower.

11.	Plaintiff and her daughter was directed by Defendants' employee/agent to a rack of personal flotation devices (hereinafter "PFD,") and told to take one each and put it one.  There were only two PDFs on the rack in their size.  They took the only two available PFDs and placed them on as directed.

12.	The tour started near sunset.

13.	The sun set in Key West on October 22, 2012 at 6:53 PM.

14. Alyssa Corbo operated the PWC while Plaintiff rode on the saddle behind her daughter.

15. While on the tour, a buzzer and light alarm sounded on the PWC.

16. Plaintiff and Alyssa Corbo informed the tour guide (Defendants' employee) of the alarm.  The tour guide came over to Plaintiff on his PWC and informed Alyssa Corbo and Plaintiff that the PWC they were riding was low on fuel.  The tour guide did not call for more fuel to be brought to the PWC or requested another PWC to be brought to Plaintiff and Alyssa Corbo.

17. Plaintiff and Alyssa Corbo continued riding with the tour group when the PWC stopped functioning resulting in the watercraft coming to a swift stop. This caused both Plaintiff and Alyssa Corbo to be ejected from the PWC.

18. When Plaintiff came in contact with the water and a hard piece of broken material making up Defendants' PFD lacerated Plaintiff's midsection.

19. From this incident, Plaintiff sustained with a Grade 4 Spleen laceration extending to the hilum and possible liver laceration requiring three (3) days in the intensive care unit and two additional days hospitalization for observation.

## COUNT I
## NEGLIGENCE AGAINST BAREFOOT BILLY'S

Plaintiff re-alleges all allegations set forth in paragraphs 1 – 19 above as if fully alleged herein and further alleges:

20. As a livery that rented PWC and provided PWC tours, BAREFOOT BILLY'S owed Plaintiff a duty of reasonable care under the circumstances.

21. BAREFOOT BILLY'S breached its legal duty owed to Plaintiff by:

    a.    Allowing overused, broken and unreasonably dangerous PDFs to be available for use by Plaintiff;

    b.    Renting a PWC to Alyssa Corbo and Plaintiff that was overused, broken, unreasonable dangerous and/or not reasonably fit for its intended use;

    c.    Not properly fueling the PWC for the tour;

    d.    Not stopping the tour once advised of a warning alarm has sounded on the subject PWC;

    e.    Not providing Plaintiff with another PWC once advised of a warning alarm has sounded on the subject PWC;

    f.    Allowing the PWC to be operated by any person who has not received instruction in the safe handling of personal watercraft, in compliance with rules established by the Florida Fish & Wildlife Commission in violation of Fla. Stat. 327.39(6)(b)(1);

    g.    Renting the PWC to Alyssa Corbo who was born after January 1, 1988 and had not obtained a boater safety identification card as required by Fla. Stat. §327.395; and/or,

    h.    Renting the PWC to Alyssa Corbo and Plaintiff without first providing an on-the-water demonstration and check ride to verify the prospective operator's ability to safely operate the PWC.

22.    The unreasonably hazardous condition of the PWC and/or PFD were either known by BAREFOOT BILLY'S or existed for a significant time as a reasonable person should have known of the unreasonably hazardous conditions.

23. As a result of the above-alleged negligence, Plaintiff was injured about the body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience of the normal pursuits and pleasures of life, feelings of economic insecurity caused by the disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of the injuries, suffered physical handicap, lost past and future wages as well as impaired/diminished working ability and earning capacity. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future

WHEREFORE, Plaintiff demands all damages entitled by law including compensatory damages, court costs and pre and post judgment interest.

## COUNT II
## NEGLIGENCE PER SE AGAINST BAREFOOT BILLY'S

Plaintiff re-alleges all allegations set forth in paragraphs 1 – 19 above as if fully alleged herein and further alleges:

24. Fla. Stat. §327.54(1) provides in relevant part:

   A livery may not knowingly lease, hire, or rent a vessel to any

   person:

   (d) When the vessel is not seaworthy

   (e) When the vessel is equipped with a motor of 10 horsepower or greater, unless the livery provides prerental or preride instruction that includes, but need not be limited to:

      1. Operational characteristics of the vessel to be rented.

      2. Safe vessel operation and vessel right-of-way.

      3. The responsibility of the vessel operator for the safe and proper operation of the vessel.

      4. Local characteristics of the waterway where the vessel will be operated.

25. Fla. Stat. §327.54(2) provides:

    A livery may not knowingly lease, hire, or rent any vessel powered by a motor of 10 horsepower or greater to any person who is required to comply with s. 327.395, unless such person presents to the livery photographic identification and a valid boater safety identification card as required under s. 327.395(1), or meets the exemption provided under s. 327.395(6)(f).

26. BAREFOOT BILLY'S violated Fla. Stat. §327.54 as it:

    a. Rented a vessel that was not seaworthy for its intended use as it was not properly fueled for the subject tour and/or had mechanical deficiencies.

    b. Failed to provide prerental or preride instruction that included the operational characteristics of the PWC, safe vessel operation and local characterizes of the waterway where the tour was to occur.

    c.    Rented the PWC to Alyssa Corbo who was born after January 1, 1988 and did not have a boater safety identification card as required by Fla. Stat. §327.395.

27.    Fla. Stat. § 327.39(6)(b)1 provides:

> It is unlawful for the owner of any leased, hired, or rented personal watercraft, or any person having charge over or control of a leased, hired, or rented personal watercraft, to authorize or knowingly permit the watercraft to be operated by any person who has not received instruction in the safe handling of personal watercraft, in compliance with rules established by the commission.

28.    The Florida Fish and Wildlife Conservation Commission established the following rules wherein a livery or person renting a personal watercraft must:

    a.    ensure that all individuals intending to operate the personal watercraft have been properly trained in the following topics prior to operation:

        i.    Propulsion, steering, and stopping characteristics of jet-pump vessels.

        ii.    Boarding, falling off, capsizing, and reboarding.

    b.    Conduct an on-the-water demonstration and check ride to verify the prospective operator's ability to safely operate the personal watercraft to be leased, hired, or rented.

Case 4:15-cv-10002-JLK   Document 1   Entered on FLSD Docket 01/13/2015   Page 8 of 14

*Corbo v. Barefoot Billy's Inc., et. al.*

   c. Display boating safety information in a place visible to the renting public in accordance with the commission's guidelines.

29. BAREFOOT BILLY'S violated Fla. Stat. § 327.39(6)(b)1 as allowed the PWC to be rented without:

   a. Ensuring Plaintiff and Alyssa Corbo were properly trained on the PWC's propulsion, steering, and stopping characteristics of jet-pump vessels as well as boarding, falling off, capsizing, and reboarding.

   b. Conducting an on-the-water demonstration and check ride to verify the Alyssa Corbo's ability to safely operate the personal watercraft to be leased, hired, or rented

   c. Displaying boating safety information in a place visible to the renting public in accordance with the commission's guidelines.

30. Fla. Stat. §327.54 and Fla. Stat. § 327.39 were enacted to prevent PWC accidents, including rider ejection.

31. Plaintiff is within the particular class of person for which Fla. Stat. §327.54 and § 327.39 were enacted to protect.

32. As a direct and proximate result of BAREFOOT BILLY's violation of Fla. Stat. §327.54 and/or and § 327.39, Plaintiff was ejected from the PWC and was injured about the body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience of the normal pursuits and pleasures of life, feelings of economic insecurity caused by the disability, disfigurement, aggravation of any previously existing

100 NORTH BISCAYNE BLVD., SUITE 800, MIAMI, FLORIDA  33132 * TEL 305.416.2901 * FAX 305.416.2902
8

conditions therefrom, incurred medical expenses in the care and treatment of the injuries, suffered physical handicap, lost past and future wages as well as impaired/diminished working ability and earning capacity. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future

WHEREFORE, Plaintiff demands all damages entitled by law including compensatory damages, court costs and pre and post judgment interest.

## COUNT III
## NEGLIGENCE AGAINST BAREFOOT BILLY'S KEY WEST

Plaintiff re-alleges all allegations set forth in paragraphs 1 – 19 above as if fully alleged herein and further alleges:

33. As a livery that rented PWC and provided PWC tours, BAREFOOT BILLY'S KEY WEST owed Plaintiff a duty of reasonable care under the circumstances.

34. BAREFOOT BILLY'S KEY WEST breached its legal duty owed to Plaintiff by:

   a. Allowing overused, broken and unreasonably dangerous PDFs to be available for use by Plaintiff;

   b. Renting a PWC to Alyssa Corbo and Plaintiff that was overused, broken, unreasonable dangerous and/or not reasonably fit for its intended use;

   c. Not properly fueling the PWC for the tour;

   d. Not stopping the tour once advised of a warning alarm has sounded on the subject PWC;

   e. Not providing Plaintiff with another PWC once advised of a warning alarm has sounded on the subject PWC;

   f. Allowing the PWC to be operated by any person who has not received instruction in the safe handling of personal watercraft, in compliance with

    rules established by the Florida Fish & Wildlife Commission in violation of Fla. Stat. 327.39(6)(b)(1);

  g. Renting the PWC to Alyssa Corbo who was born after January 1, 1988 and had not obtained a boater safety identification card as required by Fla. Stat. §327.395; and/or,

  h. Renting the PWC to Alyssa Corbo and Plaintiff without first providing an on-the-water demonstration and check ride to verify the prospective operator's ability to safely operate the PWC.

35. The unreasonably hazardous condition of the PWC and/or PFD were either known by BAREFOOT BILLY'S KEY WEST or existed for a significant time as a reasonable person should have known of the unreasonably hazardous conditions.

36. As a result of the above-alleged negligence, Plaintiff was injured about the body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience of the normal pursuits and pleasures of life, feelings of economic insecurity caused by the disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of the injuries, suffered physical handicap, lost past and future wages as well as impaired/diminished working ability and earning capacity.  The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future

  WHEREFORE, Plaintiff demands all damages entitled by law including compensatory damages, court costs and pre and post judgment interest.

## COUNT IV
## NEGLIGENCE PER SE AGAINST BAREFOOT BILLY'S KEY WEST

Plaintiff re-alleges all allegations set forth in paragraphs 1 – 19 above as if fully alleged herein and further alleges:

37. Fla. Stat. §327.54(1) provides in relevant part:

    A livery may not knowingly lease, hire, or rent a vessel to any person:

    (d) When the vessel is not seaworthy

    (e) When the vessel is equipped with a motor of 10 horsepower or greater, unless the livery provides prerental or preride instruction that includes, but need not be limited to:

    1. Operational characteristics of the vessel to be rented.
    2. Safe vessel operation and vessel right-of-way.
    3. The responsibility of the vessel operator for the safe and proper operation of the vessel.
    4. Local characteristics of the waterway where the vessel will be operated.

38. Fla. Stat. §327.54(2) provides:

    A livery may not knowingly lease, hire, or rent any vessel powered by a motor of 10 horsepower or greater to any person who is required to comply with s. 327.395, unless such person presents to the livery photographic identification and a valid boater safety identification card as required under s. 327.395(1), or meets the exemption provided under s. 327.395(6)(f).

39. BAREFOOT BILLY'S violated Fla. Stat. §327.54 as it:

   a. Rented a vessel that was not seaworthy for its intended use as it was not properly fueled for the subject tour and/or had mechanical deficiencies.

   b. Failed to provide prerental or preride instruction that included the operational characteristics of the PWC, safe vessel operation and local characterizes of the waterway where the tour was to occur.

   c. Rented the PWC to Alyssa Corbo who was born after January 1, 1988 and did not have a boater safety identification card as required by Fla. Stat. §327.395.

40. Fla. Stat. § 327.39(6)(b)1 provides:

   It is unlawful for the owner of any leased, hired, or rented personal watercraft, or any person having charge over or control of a leased, hired, or rented personal watercraft, to authorize or knowingly permit the watercraft to be operated by any person who has not received instruction in the safe handling of personal watercraft, in compliance with rules established by the commission.

41. The Florida Fish and Wildlife Conservation Commission established the following rules wherein a livery or person renting a personal watercraft must:

   a. Ensure that all individuals intending to operate the personal watercraft have been properly trained in the following topics prior to operation:

      b.    Propulsion, steering, and stopping characteristics of jet-pump vessels.

      c.    Boarding, falling off, capsizing, and reboarding.

      d.    Conduct an on-the-water demonstration and check ride to verify the prospective operator's ability to safely operate the personal watercraft to be leased, hired, or rented.

      e.    Display boating safety information in a place visible to the renting public in accordance with the commission's guidelines.

42.    BAREFOOT BILLY'S violated Fla. Stat. § 327.39(6)(b)1 as allowed the PWC to be rented without:

      a.    Ensuring Plaintiff and Alyssa Corbo were properly trained on the PWC's propulsion, steering, and stopping characteristics of jet-pump vessels as well as boarding, falling off, capsizing, and reboarding.

      b.    Conducting an on-the-water demonstration and check ride to verify the Alyssa Corbo's ability to safely operate the personal watercraft to be leased, hired, or rented

      c.    Displaying boating safety information in a place visible to the renting public in accordance with the commission's guidelines.

43.    Fla. Stat. §327.54 and Fla. Stat. § 327.39 were enacted to prevent PWC accidents, including rider ejection.

44.    Plaintiff is within the particular class of person for which Fla. Stat. §327.54 and § 327.39 were enacted to protect.

45. As a direct and proximate result of BAREFOOT BILLY's violation of Fla. Stat. §327.54 and/or and § 327.39, Plaintiff was ejected from the PWC and was injured about the body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience of the normal pursuits and pleasures of life, feelings of economic insecurity caused by the disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of the injuries, suffered physical handicap, lost past and future wages as well as impaired/diminished working ability and earning capacity. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future

WHEREFORE, Plaintiff demands all damages entitled by law including compensatory damages, court costs and pre and post judgment interest.

## JURY DEMAND

Plaintiff demands all trial by jury on all issues so triable.

**Submitted this 13th Day of January, 2015.**

**BRAIS, BRAIS & RUSAK**
Attorneys for Plaintiff
New World Tower
100 North Biscayne Blvd., Suite 800
Miami, Florida 33132
Telephone: (305) 416-2901
Facsimile: (305) 416-2902

By: _s./ RICHARD D. RUSAK___
    RICHARD D. RUSAK
    Fla. Bar No.: 0614181
    KEITH S. BRAIS
    Fla. Bar No.: 0863319